UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiffs,<br><br> v.<br><br>WILLIAM MARK LILLIBRIDGE,<br><br>     Defendant. | Case No. 3:97-cr-00065-DWH-RAM-1<br><br>ORDER |

  Before the Court[1] is Defendant William Mark Lillibridge's motion to seal records relating to his 1998 sentence in this Court. (ECF No. 92 ("Motion").) In his Motion, Mr. Lillibridge specifically asks the Court "to return him to full unrestricted citizenship and to have the records of this case sealed." (*Id.* at 2.) The Court construes Mr. Lillibridge's Motion as a request for expungement. In a motion for expungement, a defendant does not seek to nullify or cancel his conviction but instead seeks "the judicial editing of history," in which he "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *U.S. v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (quotations omitted). The Ninth Circuit has recognized two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *See id.* Mr. Lillibridge does not cite any statute that would permit the expungement of his federal conviction, nor is this Court aware of one. Instead, Mr. Lillibridge apparently relies on the Court's inherent authority.

  But the Ninth Circuit has held that the Court cannot use its inherent authority to expunge for exclusively equitable reasons. *See United States v. Sumner*, 226 F.3d

---

[1] As Judge Hagen has passed, this motion came to me in my capacity as Chief Judge.

1005, 1014 (9th Cir. 2000). The Court's inherent authority can only be used appropriately in "extreme circumstances," *U.S. v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991), and is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014. Mr. Lillibridge does not assert that his arrest or conviction was unlawful, nor does he allege that a clerical error occurred. (ECF No. 92.) He simply makes a polite request to seal his conviction and return him to unrestricted citizenship, without elaborating further. (*Id.*) As a result, the Court construes Mr. Lillibridge's Motion as a request for expungement solely for equitable reasons. However, the Court does not have the authority to grant Mr. Lillibridge the relief he is seeking.

It is therefore ordered that Defendant William Mark Lillibridge's motion to seal records (ECF No. 92) is denied.

DATED THIS 26th Day of February 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE